# United States Bankruptcy Court
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | | | |
|---|---|---|---|
| In re | **Elionay Guardiola** **Adriana Guardiola** | Case No. | **17-69316-LRC** |
| | Debtor(s) | Chapter | **13** |

### FOURTH AMENDED CHAPTER 13 PLAN

Extension ☐                                    Composition ☑

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of **$915.00  Monthly** to Trustee by ☑ Payroll Deduction(s) or by ☐ Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   ☑ IF CHECKED, Plan payments will increase by $ **225.00** in **December 2018** upon completion of **purchasing power payments**.

3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

   (B). **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **4,750.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case.  The amount of $ **0.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $ **4,750.00**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ **4,750.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $ **300.00** per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $ **2,000.00** (amount not to exceed $2,000);  (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $ **2,000.00** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

5. **Priority Claims**.

   (A). **Domestic Support Obligations**.

1

12.01.15

☑ None. If none, skip to Plan paragraph 5(B).

(i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| -NONE- |
|---|

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a).  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑ None; or
Claimant and proposed treatment:           -NONE-

(B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **Georgia Department of Revenue** | **0.00** |
| **IRS** | **$575.00** |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

2

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| **Capital One Auto Finance** | **2013 Chrysler 300 84K miles** | **$233.00** |
| **Capital One Auto Finance** | **2013 Toyota Corolla 85K miles** | **$240.00** |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Claim<br>amount | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **Capital One Auto Finance** | **2013 Chrysler 300 84K miles** | **04/2016** | **$12,564.00** | **5.50%** | **$233 to $338 in May 2019** |
| **Capital One Auto Finance** | **2013 Toyota Corolla 85K miles** | **01/2017** | **$12,287.00** | **24.61%** | **$240 to$345 in May 2019** |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(c). **Other provisions**.

3

12.01.15

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property<br>description | (c)<br>Estimated pre-petition<br>arrearage | (d)<br>Projected monthly<br>arrearage payment |
|---|---|---|---|
| **Caliber Home Loans, Inc.** | **172 Glenview Way<br>Lawrenceville, GA 30043<br>Gwinnett County** | **$3128.20** | **$75.00 to $90.00 in May 2019** |
| **Timberglen HOA** | **172 Glenview Way<br>Lawrenceville, GA 30043<br>Gwinnett County** | **0.00** | **0.00** |
| **East Shadowlawn Memorial<br>Gardens** | **Burial Plot<br>87 Scenic Highway SW<br>Lawrenceville, Ga 30045** | **0.00** | **0.00** |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| **Capital One Auto Finance** | **2013 Hyundai Elantra** |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ __41,612.00__ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ __4,000.00__ or __0__ %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a)<br>Creditor | (b)<br>Nature of lease or<br>executory contract | (c)<br>Payment to be paid<br>directly by Debtor | (d)<br>Projected arrearage monthly payment<br>through plan (for informational purposes) |
|---|---|---|---|
| **-NONE-** | | | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions**:

(A). **Special classes of unsecured claims**.

4

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

(B). **Other direct payments to creditors**.

Co-signed debt with capital one on the Dodge Charger to be paid directly by co-signer.

Debt owed to purchasing power to be paid direct via payroll deduction with employer.

(C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with **4.25** % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
  -NONE-

(E). **Other Provisions:**
 **(E)(1) Any creditor which is to be paid directly under this plan is authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.**

**(E)(2) Unless the Court orders otherwise, a "Notice of Post-Petition Mortgage Fees, Expenses, and Charges" filed pursuant to Rule 3002.1(c) F. R. Bankr. P., or a statement which is filed pursuant to 3002.1(g) F.R. Bankr. P. and sets out unpaid amounts, shall not be funded through the office of the Chapter 13 Trustee.**

**(E)(3) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis, These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in the case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. Unless the Court orders otherwise, the approved fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph 4(B), above. If the base fee has been paid in full, then the fee shall be paid up to $50.00 per month, and the distributions to creditors shall be reduced, pro rata¸ by the amount until the additional fee is paid in full.**

**(E)(4) Unless the Court orders otherwise, a proof of claim that is filed pursuant to 11 U.S.C. 1305(a)(1) shall be funded by the Trustee pro rata within the classification under which it is allowed or as otherwise provided in a modified plan. This provision does not prohibit the Trustee or a creditor from objecting to the payment of said claim if the payment negatively impacts other creditors.**

**(E)(5) Unless the Court orders otherwise, any federal tax refunds the Debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $2000.00 of a tax refund without a motion being filed.**

Date  6/15/18                            Signature  **/s/ Elionay Guardiola**
                                                    **Elionay Guardiola**
                                                    Debtor

Date  6/15/18                            Signature  **/s/ Adriana Guardiola**
                                                    **Adriana Guardiola**
                                                    Joint Debtor

Attorney  **/s/**
          **William Hoover GA Bar No. 819305**
          **Clark & Washington, LLC**
          **3300 NE Expressway**
          **Building 3**
          **Atlanta, GA 30341**

12.01.15

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**(404) 522-2222**

6

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

IN RE:                              * CASE NO: 17-69316-lrc
                                    *
Elionay Guardiola                   * CHAPTER: 13
                                    *
and                                 *
AdrianaGuardiola                    *
                                    *
                                    *
         Debtors                    *

### CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Elionay Guardiola
Adriana Guardiola
172 Glenview Way
Lawrenceville, GA  30043

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that, by agreement of the parties, Melissa J. Davey, Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Date:  06/20/2018

/s/ _____
William Hoover GA Bar No. 819305
Attorney for Debtor

CLARK & WASHINGTON, LLC
3300 Northeast Expressway
Building 3
Atlanta, GA  30341
Phone: (404) 522-2222
Fax: (770) 220-0685
Email: ecfnotices@cw13.com

Label Matrix for local noticing
113E-1
Case 17-69316-lrc
Northern District of Georgia
Atlanta
Tue Jun 19 17:53:37 EDT 2018

American General Financial/Springleaf Fi
Springleaf Financial/Attn: Bankruptcy De
Po Box 3251
Evansville, IN 47731-3251

Associated Credit Unio
6251 Crooked Creek Rd
Norcross, GA 30092-3107

Associated Credit Union
c/o Thompson O'Brien Kemp & Nasuti PC
40 Technology Pkwy S, Suite 300
Norcross, Georgia 30092-2924

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

Barclays Bank Delaware
100 S West St
Wilmington, DE 19801-5015

CACH, LLC its successors and assigns as assi
of Wex Bank
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Caliber Home Loans, Inc.
c/o BDFTE, LLP
4004 Belt Line Rd., Ste. 100
Addison, TX 75001-4320

Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73134-2500

Capital One
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
4515 N Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
a division of Capital One, NA
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Carmax Auto Finance
Attn: Bankruptcy Department
Po Box 440609
Kennesaw, GA 30160-9511

Chase Card
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341-3932

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303-1236

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Cristina Danielle DiGiannantonio
RAS Crane LLC
10700 Abbott's Bridge Rd, Suite 170
Duluth, GA 30097-8461

Abbey Ulsh Dreher
Barrett Daffin Frappier Turner Engel LLP
Suite 100
4004 Belt Line Road
Addison, TX 75001-4320

East Shadowlawn Memorial Gardens
87 Scenic Highway SW
Lawrenceville GA 30046-5728

Ga Power
241 Ralph Mcgill Blvd Ne
Atlanta, GA 30308-3374

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Adriana Guardiola
172 Glenview Way
Lawrenceville, GA 30043-3683

Elionay Guardiola
172 Glenview Way
Lawrenceville, GA 30043-3683

HOA
13801 Wireless Way
Oklahoma City, OK 73134-2500

Kohls/Capital One
Kohls Credit
Po Box 3043
Milwaukee, WI 53201-3043

Brandi R Lorenzo
Barrett Daffin Frappier Turner Engel LLP
Suite 100
4004 Belt Line Road
Addison, TX 75001-4320

Mabt - Genesis Retail
Bankcard Services
Po Box 4477
Beaverton, OR 97076-4401

Merchants & Professional Credit Bureau
5508 Parkcrest Dr
Austin, TX 78731-4905

Michelle Guardiola
172 Glenview Way
Lawrenceville, GA 30043-3683

Midland Funding, LLC
Midland Credit Management, Inc. as agent
Midland Funding, LLC
PO Box 2011
Warren, MI 48090-2011

Albert F. Nasuti
Thompson, O'Brien, Kemp & Nasuti, PC
Suite 300
40 Technology Parkway South
Peachtree Corners, GA 30092-2924

Neiclaudio Bonfin
332 Juniper Court
Lawrenceville, GA 30046-5840

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Patricia Guardiola
172 Glenview Way
Lawrenceville, GA 30043-3683

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Purchasing Power
1349 W. Peachtree St. NW
Ste. 1100
Atlanta GA 30309-2956

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

RAS Crane LLC
RAS Crane LLC
Sindi Mncina
Suite 170
10700 Abbott's Bridge Rd.
Duluth, GA 30097-8461

Receivable Management
240 Emery St
Bethlehem, PA 18015-1980

(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

Syncb/Ashley Homestore
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Syncb/Rooms To Go
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ JC Penneys
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Care Credit
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Sams
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Timberglen HOA
1533 Glen Crest Trail
Lawrenceville GA 30043-3680

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315

Victoria Secrets/WFNNB
Legal Dept/Bankruptcy
PO Box 182124
Columbus, OH 43218-2124

Visa Dept Store National Bank/Macy's
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040-8053

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Georgia Department of Revenue | Portfolio Recovery Associates, LLC | Sprint |
| Accounts Receivable Collection Section | POB 41067 | 6391 Sprint Pkwy |
| 1800 Century Blvd. NE | Norfolk VA 23541 | Overland Park, KS 66251 |
| Suite 9100 | | |
| Atlanta, GA 30345 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Associated Credit Union

End of Label Matrix
Mailable recipients    57
Bypassed recipients     1
Total                  58